FILED
JAMES BONINI
CLERK

2010 MAY -7 AM 11: 15

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WESTERN DIV. DAYTON

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MALCOLM HOWARD and<br>MH INVESTMENTS, LLC<br>8926 EAST ANN WAY<br>SCOTTSDALE, ARIZONA 85260 | Case No. **1 : 10 cv 291**<br><br>JUDGE *Michael Barrett* |
| Plaintiffs | |
| vs. | **COMPLAINT FOR DAMAGES** |
| DANIEL BUETTIN<br>3471 BRANTLEY OAKS DRIVE<br>FORT MYERS, FLORIDA 33905 | **JURY DEMAND ENDORSED HEREON** |
| and | |
| JOHN ENSIGN, ESQ.<br>3774 BROOKFIELD PLACE<br>MASON, OHIO 45040-3017 | |
| and | |
| ROBERT ROUTT<br>719 LEXINGTON AVENUE<br>TERRACE PARK, OHIO 45174-1217 | |
| and | |
| THOMAS THISTLETON<br>5559 IRWIN SIMPSON ROAD<br>MASON, OHIO 45040-8175 | |
| and | |
| GREGORY MCGRATH<br>4464 RAYNOR COURT<br>MASON, OHIO 45040 | |

and :
:
H. J. HILL :
2910 PHILIPPE PKWY :
SAFETY HARBOR, FLORIDA 34695 :
:
     Defendants. :

---

  Now come Plaintiffs, Malcolm Howard and MH Investments, LLC (hereinafter collectively "Mack" or the "Plaintiffs"), and state the following for their Complaint against Defendants, Daniel Buettin, John Ensign, Robert Routt, Thomas Thistleton, Gregory McGrath, and H. J. Hill (hereinafter " the Defendants"):

## PARTIES

1.  Plaintiff Malcolm Howard is an individual who resides in the state of Arizona.

2.  Plaintiff MH Investments, LLC ("MH Investments") is an Arizona limited liability company registered to do business in the state of Ohio with a principal place of business located at 8926 East Ann Way, Scottsdale, Arizona 85260.

3.  Defendant Daniel Buettin is the former Chief Financial Officer of Domin-8 Enterprise Solutions, Inc. ("Domin-8"). Upon information and belief, Mr. Beuttin is now a resident of Fort Myers, Florida.

4.  Defendant John Ensign, Esq. is the former Chief Legal Officer and Corporate Secretary of Domin-8 and resides in Mason, Ohio.

5.  Defendant Robert Routt is a former Director of Domin-8 and a resident of Cincinnati, Ohio.

6.  Defendant Thomas Thistleton is the former Chief Executive Officer of Domin-8 and a resident of Mason, Ohio.

7. Defendant Greg McGrath is the former Chairman of the Board of Domin-8 and a resident of Mason, Ohio.

8. Defendant H. J. Hill is a former Director of Domin-8 and a resident of Safety Harbor, Florida.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 USC §§ 1331 and 1332(a)(1) because a federal question arises under the Federal Securities Laws, and because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of costs and interest, exceeds Seventy-Five Thousand Dollars ($75,000.00), and pursuant to this Court's supplemental jurisdiction.

10. Jurisdiction and Venue are further proper in this Court pursuant to 28 USC § 1391(b)(1) and (c), Section 22 of the Securities Act of 1933 (15 U.S.C. §77(a), et seq.), Section 27 of the Securities Exchange Act of 1934 (15 U.S.C. §78(a), et seq.), and S.D. Ohio Civ. R. 82.1(c) because Defendants Ensign, Thistleton and/or McGrath reside in this judicial district.

## FIRST CLAIM FOR RELIEF
(FRAUD)

11. Plaintiff, Malcolm Howard, individually and/or through MH Investments was an investor and shareholder in Domin-8. Upon information and belief, the Defendants were at all relevant times herein interested officers and/or members of the Board of Directors of Domin-8.

12. On or about August 13, 2009, Defendant McGrath approached Mack and asked him for a commitment to lend up to $150,000 to Domin-8 to be used as line of credit for the company.

3

13. In order to induce Mack to make the loan, Defendants told Mack that there would be a transaction fee of $5,000 plus warrants to purchase 3,000 shares of Domin-8 stock ($.001 par value per share) with an exercise price of $1.90 per share. Additionally, Mack was further told that because it was likely that any loan would not exceed $50,000 and would be repaid within two weeks, he would receive an additional transaction fee of $2,000 plus warrants to purchase an additional 3,000 shares of stock ($.0001 par value per share) with an exercise price of $1.90 per share if the amount borrowed exceeded $50,000. The valuation commonly used for the stock at that time was $3.81 per share.

14. Based on the aforementioned representations, on August 17, 2009, Plaintiff MH Investments signed the draw note dated August 17, 2009 (the "Note"). A true and accurate copy of the Note is attached hereto as Exhibit 1.

15. Upon information and belief, the Note was drafted by Mr. Ensign and it was signed on behalf of Domin-8 by Mr. Thistleton. The Note and the warrants and other items to be issued pursuant to the Note constitute "securities" as that term is defined in the Securities Act of 1933 and the Securities Exchange Act of 1934, and by state law and this action involves the sale of securities as defined therein.

16. On or about August 26, 2009, Mr. Thistleton called Mr. Howard and asked him to send $143,000 rather than $150,000 which effected a deduction of the amount of $7,000 as a transaction fee. Mr. Ensign further e-mailed Mr. Howard that same day and specifically affirmed the purpose of the draw was to make payroll stating: "It is very important that we receive the money as early as possible in order to assist us in making our payroll deadline..."

4

17. The Officers and Board of Directors of Domin-8 were fully aware of the conversations with Mack and the representations being made to Mr. Howard. In fact, Defendant Ensign later admitted to Mack that the Board told him he had to ask Mack for the money. At no time did the officers or Board of Directors disclose to Mack that they were actively working on approving a Bankruptcy Petition for Domin-8 or that such a filing was likely or imminent.

18. Only four business days after Mr. Howard wire transferred the funds to Domin-8 on behalf of MH Investments, on September 2, 2009, the Board of Directors approved a resolution authorizing the filing of a Bankruptcy Petition for the Company.

19. Mack has further been advised on multiple occasions by Defendant McGrath that Plaintiffs' money was not needed or used to fund payroll as was represented to Mack. Instead, per Defendant McGrath, some or all of Mack's money was used to pay the retainer for the law firm which filed the Chapter 11 Petition for Domin-8. This petition was filed on or about September 17, 2009, exactly one month after MH Investments and Mr. Thistleton signed the Note and just three weeks after the Domin-8 Board of Directors adopted its resolution to authorize the Chapter 11 filing. Defendant McGrath has specifically told Mack on multiple occasions since that date that Defendants' conduct as described herein was fraudulent.

20. The Plaintiffs would not have entered into the Note or wire transferred funds to Domin-8 were it not for false and misleading statements, representations, and omissions on the part of the Defendants, including but not limited to statements and information specifically set forth in the Paragraphs 12-17. These representations and omissions were material to the transaction, were made by the Defendants with knowledge of their falsity or with utter

5

disregard and recklessness about their falsity, were made with the intent of misleading the Plaintiffs into relying upon them, were justifiably relied upon by the Plaintiffs, and were the proximate cause of injury or damages suffered by the Plaintiffs.

21. The Defendants continued to make false and misleading statements and/or omissions to the Plaintiffs after the Plaintiffs signed the Note. Many of these representations were material to prevent the Plaintiffs from uncovering the aforementioned fraudulent conduct, were made by the Defendants with knowledge of their falsity or with utter disregard and recklessness about their falsity, were made with the intent of misleading the Plaintiffs into relying upon them, were justifiably relied upon by the Plaintiffs, and were the proximate cause of injury or damages suffered by the Plaintiffs. Specifically, the Defendants initially ignored Mack's phone calls inquiring about the repayment of his funds. When Mack did talk to Defendant Ensign, Defendant Ensign tried to explain Defendants' actions by saying they were in a "quiet period." Thereafter, the Defendants continued to promise Mack that they would still authorize the issuance of the warrants contemplated by the Note.

22. In fact, in a display of guilt and remorse, the Debtor-in-Possession filed a motion in the bankruptcy court on or about November 18, 2009 to have Mack's investment converted into Series D debenture units as provided for in the Default provision in the Note. However, the Defendants made this motion not only on behalf of Mack but also on behalf of other investors, who were not similarly situated. This motion was objected to initially by the U.S. Trustee and others and was denied by the Bankruptcy Court.

23. Mack has demanded that he be paid the amounts represented to him. However, to date, the Defendants have not satisfactorily responded to any of the Plaintiffs' requests.

24. The Plaintiffs have sustained damages as a direct and proximate result of the fraudulent conduct on the part of the Defendants and are entitled to damages in an amount to be proven at trial.

25. The Defendants' conduct was intentional, malicious, and in reckless disregard of the Plaintiffs' rights.

### SECOND CLAIM FOR RELIEF
(VIOLATION OF SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND RULE 10b-5 PROMULGATED THEREUNDER)

26. The Plaintiffs restate and reallege the foregoing paragraphs as if fully restated herein.

27. As a result of the foregoing statements, representations, and omissions, and by their acts and conduct, the Defendants have directly or indirectly, singly or in concert, used the means and instrumentalities of interstate commerce and of the mails, to engage in acts, practices and a course of conduct that constituted a device, scheme, or artifice to defraud and deceive the Plaintiffs in violation of Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. §78j(b)) and Rule 10b-5 promulgated thereunder.

28. The purpose and effect of the Defendants' misrepresentations and/or omissions, all of which were part and parcel of a common scheme and conspiracy to defraud, was to cause the Plaintiffs to sign the Note and to purchase securities. Each omission and/or misrepresentation was interconnected and each of them, singly and cumulatively, concealed the true condition of Doinin-8 from the Plaintiffs.

29. The fraudulent practices and devices utilized by the Defendants in order to effectuate the aforesaid fraud consisted of misrepresentations of material facts by the Defendants, who knew or should have known them to be false when made, who intentionally concealed

them and who failed to disclose omitted material facts that were necessary in order to make the statements not misleading to the Plaintiffs.

30. The Plaintiffs have sustained damages as a direct and proximate result of the aforementioned conduct on the part of the Defendants in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
(ADDITIONAL VIOLATION OF FEDERAL AND STATE SECURITIES LAWS)

31. The Plaintiffs restate and reallege the foregoing paragraphs as if fully restated herein.

32. The misrepresentations and/or omissions, as described herein, were wholly or in part contained in or omitted from oral reports and written communications, all of which were prepared by Defendants with the participation, acquiescence, cooperation, encouragement and assistance of the other Defendants.

33. The Plaintiffs did not and could not in the exercise of reasonable care have known of the aforementioned untruths or omissions.

34. By virtue of the foregoing acts, statements, misrepresentations, and omissions, the Defendants have violated additional federal securities laws, including Sections 12(a) and 17(a) of the Securities Act of 1933 (15 U.S.C. §77(a), et seq.) and all rules promulgated thereunder and the following state Laws: Arizona Revised Statutes §44-1991; and Ohio Revised Code §§1707.41 and 1707.43.

35. The Plaintiffs have sustained damages as a direct and proximate result of the aforementioned conduct on the part of the Defendants in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF
(BREACH OF FIDUCIARY DUTY)

36. The Plaintiffs restate and reallege the foregoing paragraphs as if fully restated herein.

COOLIDGE WALL CO., L.P.A.

37. The Defendants were officers and/or members of Domin-8's Board of Directors and owed fiduciary duties to Plaintiffs. Such duties included, but were not limited to, the duty of care, candor, honesty, full disclosure, loyalty, and good faith.

38. The Defendants have breached their fiduciary duties to the Plaintiffs in a number of ways, including, but not limited to, making false and misleading statements and/or omissions to the Plaintiffs pertaining to the financial condition of Domin-8, the likelihood of an imminent bankruptcy filing for the Company, and the intended use of Plaintiffs' funds.

39. The Plaintiffs have sustained damages as a direct and proximate result of the aforementioned conduct on the part of the Defendants in an amount to be proven at trial.

40. The Defendants' conduct was intentional, malicious, and in reckless disregard of the Plaintiffs' rights.

WHEREFORE, Plaintiffs demand the following relief jointly and severally against all Defendants:

   a. compensatory damages in an amount to be proven at trial but believed to exceed the amount of $150,000, plus pre-judgment interest and costs;

   b. punitive damages in an amount to be proven at trial;

   d. reasonable attorney fees; and

   e. any other relief to which Plaintiffs may be entitled in law or in equity.

Respectfully submitted,

s/ David P. Pierce
David P. Pierce, Esq. (0061972)
COOLIDGE WALL CO., L.P.A.
33 W. First Street, Suite 600
Dayton, OH 45402
Phone: 937-223-8177
Fax: 937-223-6705
E-mail: pierce@coollaw.com

*TRIAL ATTORNEY FOR PLAINTIFFS*

OF COUNSEL
Ronald S. Pretekin (0018694)
COOLIDGE WALL CO., L.P.A.
33 West First Street, Suite 600
Dayton, OH 45402
Phone: 937-223-8177
Fax: 937-223-6705
E-mail: pretekin@coollaw.com

## JURY DEMAND

Plaintiffs request a trial by jury pursuant to Federal Rule of Civil Procedure 38(B) on all issues herein.

s/ David P. Pierce
David P. Pierce

w:\wdox\client\010468\00501\00480425.docx

10